MISC 06 049ML

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. BANK NATIONAL ASSOCIATION, as Trustee,

Plaintiff,

-v-

PMCC CALPINE NEW ENGLAND INVESTMENT LLC and PMCC CALPINE NEIM LLC,

Defendants.

06 Civ. 3906 (JSR)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-6-06

JED S. RAKOFF, U.S.D.J.

Plaintiff seeks appointment of a receiver for certain assets of defendant PMCC Calpine New England Investment LLC,[1] specifically two power plant facilities located in Tiverton, Rhode Island and Rumford, Maine (the "Facilities"), and certain other assets necessary to restore the Facilities to operation. Following briefing and oral argument, the Court grants plaintiff's motion as follows:

James A. Goodman is hereby appointed as Receiver effective immediately upon plaintiff's posting with the Clerk of the Court a bond in the amount of one million dollars.

The Receiver is hereby authorized to act on plaintiff's behalf in exercising its rights and remedies under the Indenture of Trust, Mortgage and Security Agreement dated December 19, 2000 and as a secured creditor under U.C.C. § 9-207, <u>including</u> the right to take possession of the Facilities and to take whatever other actions may

[1] On consent of the parties, <u>see</u> transcript, 6/5/06, this action is hereby dismissed as against the co-defendant, PMC Calpine NEIM LLC.

be appropriate and necessary to restore the Facilities to operation, such as taking possession of such other assets necessary to the operation of the Facilities. Further, the Receiver is authorized to enter into whatever other agreements and take whatever other actions may be necessary to manage the assets under its control in a commercially reasonable fashion.

In carrying out these powers, the Receiver shall have the duties of a secured party having possession of collateral under U.C.C. § 9-207. Further, the Receiver, either personally or through the service providers he engages, is hereby directed to obtain and maintain insurance coverage comparable to the coverage held by the previous operators of the Facilities, and to designate the defendant as an additional insured on such policies to the extent of any loss incurred by defendant arising from the Receiver's control and operation of the aforementioned assets.

An opinion explaining the reasons for these determinations will issue in due course.

SO ORDERED.

JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
June 6, 2006