EDWARDS ANGELL PALMER & DODGE LLP

Deming E. Sherman
401.276.6443
*fax* 888.325.9061
dsherman@eapdlaw.com

December 3, 2007

Clerk of U.S. District Court
District of Rhode Island
United States Courthouse
One Exchange Terrace
Providence, RI 02903

MC 06-49ML

**RE: U.S. Bank National Association, as Trustee v. PMCC Calpine New England Investment LLC, et al / Misc. No. 049ML**

**Related Action: 06 Civ. 3906 (JSR) U.S. Dist. Ct., Southern Dist. of N.Y.**

Dear Sir/Madam:

Enclosed for filing are copies of the following documents from the underlying action (06 Civ. 3906): (1) Order discharging James A. Goodman as Receiver; (2) Order of Dismissal.

This is a notice filing only.

Sincerely,

Deming Sherman

Deming E. Sherman

Enclosures

cc: David A. Wollin, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-26-07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. Bank National Association, as Trustee,<br><br>*Plaintiff*,<br><br>v.<br><br>PMCC Calpine New England Investment LLC,<br><br>*Defendant.* | Civil Action No. 06 CV 3906 (JSR)<br><br>ORDER<br><br>MC 06-49ML |

Upon the application of Plaintiff, U.S. Bank National Association, as Trustee, pursuant to Fed. R. Civ. P. 66 and the Order of this Court dated November 13, 2007 (the "Discharge Order"), the Court HEREBY ORDERS:

1. The above-captioned case is DISMISSED, WITH PREJUDICE.

2. The Discharge Order shall remain in full force and effect.

Dated: November 28, 2007
New York, New York

THE HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT COURT JUDGE

10809373_1.DOC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. Bank National Association, as Trustee,

*Plaintiff,*

v.

PMCC Calpine New England Investment LLC,

*Defendant.*

~~[PROPOSED ORDER]~~

Civil Action No. 06 CV 3906 (JSR)

ORDER

MC 06-49ML

The Memorandum of Law in Support of Motion for Discharge and Release of Receiver, Release of Parties, and Termination of Receivership (the "Termination Motion"), filed on August 13, 2007 by Plaintiff U.S. Bank National Association, as Trustee, requesting an order (i) terminating the administrative obligations under the order of appointment and authorizing and directing the Receiver to release all rights and claims under the Consent Agreement between the Receiver and the Indenture Trustee; (ii) releasing the Trustees and the equity Parties from all claims arising from or relating to the Receivership, including, without limitation, the operation of the natural gas fired power generating facilities located in Tiverton, Rhode Island and Rumford, Maine; (iii) terminating the Receivership, subject to the distribution of any funds remaining in the Receivership estate to Tiverton Power Inc. ("Tiverton Power") and Rumford Power Inc. ("Rumford Power") as designees of the Indenture Trustee; (iv) discharging and releasing James A. Goodman as Receiver (the "Receiver"); and (v) granting such other and further relief as this

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-13-07

Court deems just and proper, was heard on September 27, 2007, beginning at approximately 3:00 p.m. (the "Hearing"). Appearances at the Hearing were as set forth on the record.[1]

Based on the findings of fact and conclusions of law set forth below, the Receiver's First and Final Report and Accounting (the "Final Report"), the record in this case and the record of the Hearing, and good and sufficient cause appearing therefor,

THE COURT HEREBY FINDS AND DETERMINES THAT:[2]

A. The Court has full jurisdiction and authority over the matters subject to this action and this Order.

B. Notice, evidenced by the proofs of service filed on the docket, was appropriate under the circumstances of this case and no other or further notice need be given.

C. No objections to the Termination Motion were filed with the Court or raised at the Hearing.

D. The relief requested in the Termination Motion is reasonable and appropriate.

NOW, THEREFORE, THE COURT HEREBY ORDERS AS FOLLOWS:

1. Notice given of the Termination Motion and the Hearing is approved.

2. The Termination Motion is granted in its entirety and the Final Report is approved in its entirety.

3. Subject to paragraph 10 below, (a) the office, powers and duties of James A. Goodman as Receiver of certain assets of PMCC Calpine New England Investment LLC (the "Receivership") are terminated, (b) James A. Goodman is discharged from his role as Receiver and is no longer required to perform any duties or satisfy any obligations under this Court's

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Termination Motion.

[2] Any findings of fact that constitute conclusions of law shall be deemed to be conclusions of law, and any conclusions of law that constitute findings of fact shall be deemed to be findings of fact.

orders dated June 6, 2006 and June 10, 2006, including, but not limited to, prospectively maintaining the one million dollar bond posted by the Receiver and any insurance policies, and (c) neither James A. Goodman, individually and in his capacity as Receiver, nor any of his affiliates, professionals or attorneys shall have or incur any liability to any holder of a claim against the Receivership estate for any act or omission in connection with, related to, or arising from, the Receivership or the administration of the Receivership estate, including, without limitation, the operation of the Calpine New England Project and the wind-up and termination of the Receivership (including those acts authorized in paragraph 10 herein), except for fraud, willful misconduct, or felonious conduct. This exculpation shall be in addition to any other protections afforded to the Receiver under this or any other order of this Court and applicable law.

4. To the extent any funds remain in the Receivership estate, the Receiver is authorized and directed to distribute such funds to Tiverton Power and Rumford Power, as designees of the Indenture Trustee.

5. All of the Receiver's acts, transactions and all of his actions during his administration in his capacity as Receiver, including, without limitation, those described in the Final Report and authorized and/or directed by the Court pursuant to this Order, are ratified, confirmed and approved.

6. The Receiver's rights and claims arising under the Consent Agreement are released.

7. Neither U.S. Bank National Association, in its individual capacity or in its capacity as Indenture Trustee or Pass Through Trustee, nor any of their respective present or former directors, officers, employees, subsidiaries, affiliates, agents, professionals, attorneys or

representatives shall have or incur any liability to any holder of a claim against the Receivership estate for any act or omission in connection with, related to, or arising out of, the commencement of this case, the case, the Receivership, or the administration of the case or the Receivership estate, including, without limitation, the operation of the Calpine New England Project, except for fraud, willful misconduct, or felonious conduct.

8. Neither PMCC Calpine New England Investment LLC, nor PMCC Calpine NEIM LLC, nor any of their respective present or former directors, officers, employees, subsidiaries, affiliates, agents, professionals, attorneys or representatives shall have or incur any liability to any holder of a claim against the receivership estate for any act or omission in connection with, related to, or arising out of, the case, the receivership, or the administration of the case or the receivership estate, including, without limitation, the operation of the Calpine New England Project, except for fraud, willful misconduct, or felonious conduct.

9. Nothing in this Order shall limit any contractual indemnification rights of James A. Goodman, both individually and in his capacity as Receiver.

10. The Receiver is authorized to perform any and all administrative acts necessary to wind up and terminate the Receivership and effectuate this Order.

11. The Court shall retain exclusive jurisdiction with respect to any matter, issue, claim, or controversy arising out of or relating to the discharge and release of the Receiver.

12. Within five business days after the entry of this Order, the Plaintiff will submit to the Court an order of dismissal substantially in the form of Exhibit A hereto.

Dated: ~~October~~ 11/13, 2007
New York, New York

[signature]

THE HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT COURT JUDGE